UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 16-1129 JGB (JPRx)** | Date | June 2, 2016 |
| Title | *United States of America v. Certain Life Insurance Policy Benefits* | | |

Present: The Honorable  JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order DIRECTING the Government to File a Further Memorandum of Points and Authorities (IN CHAMBERS)

    On May 31, 2016, the government filed a complaint for forfeiture of all monies, including insurance benefits and interest, payable pursuant to claim number 1179068 under Minnesota Life Insurance Group Policy No. 33772-G, for basic life insurance coverage in the amount of $25,000 and supplemental life insurance in the amount of $250,000. (Complaint, Dkt. No. 1.) The government contends that these life insurance policy benefits are forfeitable pursuant to 18 U.S.C. § 981(a)(1)(G)(iii) as assets derived from a federal crime of terrorism, as that term is defined in 18 U.S.C. § 2332b(g)(5). (Complaint ¶ 9.) The policies were allegedly taken out by Syed Rizwan Farook, one of the perpetrators of a terrorist attack that occurred on December 2, 2015 in San Bernardino, California. Farook died during a shootout with law enforcement later that day and his death triggered the payment of the policy benefits to his mother, Rafia Farook. The government contends that in carrying out the San Bernardino attack, Farook intended to influence or affect the conduct of the government by intimidation or coercion, or to retaliate against government conduct, and therefore, the policy benefits that issued after his death derived from the terrorist act and are subject to forfeiture.

    Contemporaneously with the filing of the Complaint, the government filed an ex parte application for the issuance of a warrant for arrest in rem to permit the government to seize the property — i.e., the policy benefits — where it would remain subject to the Court's jurisdiction during the pendency of this action. (Ex Parte, Dkt. No. 5.) The Court does not find the three-page memorandum filed in support of the Ex Parte sufficient to establish probable cause to issue

the warrant.  The Court directs the government to file, within 7 days of this Order, a further memorandum of points and authorities addressing the following questions:

1. What authority supports the government's contention that the allegations in the complaint, taken as true, establish probable cause to believe that the proceeds were "derived from" the terrorist act as required by 18 U.S.C. § 981(a)(1)(G)(iii)?

2. Is the government required to establish, pursuant to 18 U.S.C. § 983(c)(3), that there is a "substantial connection" between the life insurance policy benefits and the terrorist act?  If so, how do the allegations in the complaint, taken as true, establish such a nexus?  If not, what nexus is required between the life insurance policy benefits and the terrorist act to establish that the proceeds were "derived from" the terrorist act?

3. What authority does the Court have, if any, to exercise jurisdiction over the life insurance policy benefits if the warrant does not issue?

**IT IS SO ORDERED.**